UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | |
|---|---|
| EchoStar Technologies Corporation, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>TiVo Inc., a Delaware corporation, and Humax USA, Inc., a Delaware corporation,<br><br>Defendants. | Case No.  ▶ 5 0 5 C V   ° 8 1 ◀<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff EchoStar Technologies Corporation ("ETC") alleges as follows:

**PARTIES**

1.  ETC, a Texas corporation, is a subsidiary of EchoStar DBS Corporation (EDBS), which in turn is a subsidiary of EchoStar Communications Corporation (ECC), a publicly-traded holding company listed on the NASDAQ National Market under the symbol "DISH." ETC is a leading provider of satellite-delivered digital television to customers across the United States. Subsidiaries of EDBS operate the DISH Network. The DISH Network's services include hundreds of video, audio and data channels, interactive television channels, digital video recording, high definition television, international programming, professional installation and 24-hour customer service. ETC supplies satellite receiver systems and designs and develops set-top boxes, antennae, and other digital equipment for the DISH Network. ETC also designs, develops and distributes similar equipment for international satellite service providers.

2.  TiVo, Inc. ("TiVo") is a Delaware corporation with its principal place of business in Alviso, California.

3. Humax USA, Inc. ("Humax USA"), is a Delaware corporation with its principal place of business located in Irvine, California.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. section 1, *et seq.*, including 35 U.S.C. section 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

## VENUE

5. Venue in the Eastern District of Texas is proper pursuant to 28 U.S.C. sections 1391(b) and (c) and 1400(b) because, on information and belief, a substantial part of the events or omissions giving rise to ETC's claims occurred in this district, and TiVo and Humax USA may be found and/or reside in this district.

## COUNT ONE
### (Patent Infringement)

6. ETC incorporates by reference paragraphs 1 through 6 of this Complaint and realleges them as though fully set forth herein.

7. On June 30, 1998, the United States Patent and Trademark Office issued U.S. Patent No. 5,774,186, entitled "Interruption Tolerant Video Program Viewing" (the "'186 patent"), a copy of which is attached as Exhibit A.

8. ETC is the owner by assignment of all rights, title and interest in and to the '186 patent.

9. On information and belief, TiVo and Humax USA are making, using, offering to sell, selling and/or importing digital video recording devices, digital video recording device software and/or personal television services in the United States of America.

10. On information and belief, TiVo and Humax USA have been and are now infringing, contributorily infringing and/or actively inducing infringement of the '186 Patent by making, using, offering to sell, selling and/or importing in the United States of America digital

pa-973544

video recording devices, digital video recording device software and/or personal television services falling within the scope of one or more claims of the '186 Patent.

11. On information and belief, defendants' infringement of the '186 patent is willful.

12. As a consequence of defendants' infringement, ETC is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

13. Defendants' infringement has injured and will continue to injure ETC, unless and until such infringement is enjoined by this Court.

## COUNT TWO
### (Patent Infringement)

14. ETC incorporates by reference paragraphs 1 through 6 of this Complaint and realleges them as though fully set forth herein.

15. On March 4, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,529,685 B2, entitled "Multimedia Direct Access Storage Device and Formatting Method" (the "'685 patent"), a copy of which is attached as Exhibit B.

16. ETC is the owner by assignment of all rights, title and interest in and to the '685 patent.

17. On information and belief, TiVo and Humax USA are making, using, offering to sell, selling and/or importing digital video recording devices, digital video recording device software and/or personal television services in the United States of America.

18. On information and belief, TiVo and Humax USA have been and are now willfully and deliberately infringing, contributorily infringing and/or actively inducing infringement of the '685 Patent by making, using, offering to sell, selling and/or importing in the United States of America digital video recording devices, digital video recording device software and/or personal television services falling within the scope of one or more claims of the '685 Patent.

19. On information and belief, defendants' infringement of the '685 patent is willful.

pa-973544

20. As a consequence of defendants' infringement, ETC is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

21. Defendants' infringement has injured and will continue to injure ETC, unless and until such infringement is enjoined by this Court.

## COUNT THREE
### (Patent Infringement)

22. ETC incorporates by reference paragraphs 1 through 6 of this Complaint and realleges them as though fully set forth herein.

23. On March 27, 2001, the United States Patent and Trademark Office issued U.S. Patent No. 6,208,804 B1, entitled "Multimedia Direct Access Storage Device and Formatting Method" (the "'804 patent"), a copy of which is attached as Exhibit C.

24. ETC is the owner by assignment of all rights, title and interest in and to the '804 patent.

25. On information and belief, TiVo and Humax USA are making, using, offering to sell, selling and/or importing digital video recording devices, digital video recording device software and/or personal television services in the United States of America.

26. On information and belief, TiVo and Humax USA have been and are now willfully and deliberately infringing, contributorily infringing and/or actively inducing infringement of the '804 Patent by making, using, offering to sell, selling and/or importing in the United States of America digital video recording devices, digital video recording device software and/or personal television services falling within the scope of one or more claims of the '804 Patent.

27. On information and belief, defendants' infringement of the '804 patent is willful.

28. As a consequence of defendants' infringement, ETC is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

29. Defendants' infringement has injured and will continue to injure ETC, unless and until such infringement is enjoined by this Court.

## COUNT FOUR
### (Patent Infringement)

30. ETC incorporates by reference paragraphs 1 through 6 of this Complaint and realleges them as though fully set forth herein.

31. On January 9, 2001, the United States Patent and Trademark Office issued U.S. Patent No. 6,173,112 B1, entitled "Method and System for Recording In-Progress Broadcast Programs" (the "'112 patent"), a copy of which is attached as Exhibit D.

32. ETC is the owner by assignment of all rights, title and interest in and to the '112 patent.

33. On information and belief, TiVo and Humax USA are making, using, offering to sell, selling and/or importing digital video recording devices, digital video recording device software and/or personal television services in the United States of America.

34. On information and belief, TiVo and Humax USA have been and are now willfully and deliberately infringing, contributorily infringing and/or actively inducing infringement of the '112 Patent by making, using, offering to sell, selling and/or importing in the United States of America digital video recording devices, digital video recording device software and/or personal television services falling within the scope of one or more claims of the '112 Patent.

35. On information and belief, defendants' infringement of the '112 patent is willful.

36. As a consequence of defendants' infringement, ETC is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

37. Defendants' infringement has injured and will continue to injure ETC, unless and until such infringement is enjoined by this Court.

pa-973544

## PRAYER FOR RELIEF

WHEREFORE, ETC requests that the Court:

A.  Adjudge that the '186, '685, '804, and '112 Patents are valid and enforceable;

B.  Adjudge that TiVo and Humax USA are infringing and have infringed, and have contributed to and induced infringement of, the '186, '685, '804, and '112 Patents, and that such infringement is willful and deliberate;

C.  Enjoin TiVo and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns and all those acting for it and on its behalf, or acting in concert with them, from further infringement of the '186, '685, '804, and '112 Patents;

D.  Enjoin Humax USA and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns and all those acting for it and on its behalf, or acting in concert with them, from further infringement of the '186, '685, '804, and '112 Patents;

E.  Award compensatory damages to ETC, together with interest;

F.  Award treble damages to ETC for defendants' willful infringement of the '186, '685, '804, and '112 Patents;

G.  Award ETC its costs and attorneys' fees pursuant to 35 U.S.C. section 285;

H.  Award ETC such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff ETC hereby demands a jury trial on all issues so triable.

Dated: April 29th, 2005

YOUNG, PICKETT & LEE

By: _____
Damon Young (Tex. Bar No. 22176700)
Post Office Box 1897
4122 Texas Boulevard
Texarkana, Texas 75504
(903) 794-1303
(903) 792-5928 (fax)
e-mail: dmyoung64@aol.com

Attorneys for Plaintiff EchoStar Technologies Corporation

Of Counsel:

Harold J. McElhinny
Rachel Krevans
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

pa-973544

7